UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFF BUEHLMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

IDE PONTIAC, INC. and ANNE IDE, individually,

    Defendants.

**DECISION AND ORDER**

6:15-cv-06745-EAW-MWP

---

## BACKGROUND

Plaintiff Jeff Buehlman ("Plaintiff") commenced this putative class action on December 14, 2015, against defendants Ide Pontiac, Inc. ("Ide"), and Anne Ide ("Anne Ide") (collectively, "Defendants"), asserting causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the New York State Labor Law § 190 *et seq.* ("NYLL"). Plaintiff seeks, on behalf of himself and all similarly situated individuals, unpaid overtime compensation from Defendants under Section 207(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1). Plaintiff, individually, seeks unpaid overtime and spread-of-hours compensation under NYLL § 198(3) and 12 N.Y.C.R.R. §§ 142-2.4 and 142-2.18.

On November 7, 2016, United States District Judge Michael A. Telesca decided Defendants' Motion for Summary Judgment (Dkt. 15), Plaintiff's Cross-Motion for Summary Judgment (Dkt. 18), and Plaintiff's Motion to Strike (Dkt. 21). (*See* Dkt. 25).

Defendants' Motion for Summary Judgment was denied in part and granted in part, and Plaintiff's Cross-Motion for Summary Judgment and Motion to Strike were denied. (Dkt. 25 at 2). In denying Defendants' Motion for Summary Judgment in part, the Court adopted the analysis in *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 383 (E.D.N.Y. 2010), and determined as a matter of law that Plaintiff did not fall within the "partsman" statutory exemption (the "Exemption") for overtime compensation under the FLSA and the NYLL. (Dkt. 25 at 5-14). The Exemption applies to partsmen[1] who were "primarily engaged" in "servicing automobiles." 29 U.S.C. § 213(b)(10)(A). Here, there was no record proof that Plaintiff had "'actually work[ed] on vehicles.'" (Dkt. 25 at 11 (quoting *McBeth*, 768 F. Supp. 2d at 388)). On November 8, 2016, this case was transferred to the undersigned. (Dkt. 26).

Presently pending before the Court are Defendants' Motion for Leave to Appeal an Interlocutory Order (Dkt. 27), and Plaintiff's Motion for Summary Judgment against Ide. (Dkt. 29). Defendants take the position that *McBeth* was wrongly decided, and that the Court should not have applied its rationale in interpreting the Exemption. (*See* Dkt. 27-2 at 6, 10). Plaintiff argues that summary judgment should be granted in his favor as to his overtime compensation claims because he does not fall within the scope of the Exemption. (Dkt. 29-1 at 6-9). For the reasons discussed below, Defendants' Motion for Leave to Appeal an Interlocutory Order is denied, and Plaintiff's Motion for Summary Judgment is denied.

---

[1] The Exemption also applies to a "salesman" and a "mechanic." 29 U.S.C. § 213(b)(10)(A).

## DISCUSSION

I. **Defendants' Motion for Leave to File An Interlocutory Order**

   A. **Legal Standard**

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b). In other words, the statute requires the satisfaction of three criteria: (1) the order sought to be appealed involves a controlling question of law; (2) there is a substantial ground for difference of opinion as to the resolution of that controlling issue; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The standard for granting an interlocutory appeal is strict. "[L]eave to appeal from interlocutory orders should be granted only in exceptional circumstances [that] . . . overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Picard v. Estate of Madoff*, 464 B.R. 578, 582-83 (S.D.N.Y. 2011) (citation and quotation omitted). "Interlocutory appeals are strongly disfavored in federal practice. Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *Glatt v. Fox Searchlight*

*Pictures Inc.*, No. 11 Civ. 6784(WHP), 2013 WL 5405696, at *1 (S.D.N.Y. Sept. 17, 2013) (internal quotations and citations omitted).

Moreover, "[d]istrict courts do have independent and unreviewable authority to deny certification even where the three statutory criteria are met." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 146 (E.D.N.Y. 1999) (quotation and citation omitted); *see also In re Wrobel*, No. 14-CV-345S, 2014 WL 2442800, at *1 (W.D.N.Y. May 30, 2014) ("[L]eave may be denied for any reason, including docket congestion."). "The court will only grant certification, then, if the statutory criteria are met and the court believes that immediate appeal would best foster a simultaneously effective and efficient judiciary." *Katsanis v. Blue Cross & Blue Shield Ass'n*, No. 07-CV-696C, 2010 WL 2160353, at *1 (W.D.N.Y. May 27, 2010).

### B. Defendants Have Raised a Controlling Question of Law

Here, Defendants have satisfied the first prong of the analysis by raising a "controlling question of law." Defendants were successful in dismissing Plaintiff's NYLL claim for spread of hours compensation in their previous motion for summary judgment. (Dkt. 25 at 19). Plaintiff's remaining allegations relate to overtime compensation under the FLSA and the NYLL. As has been extensively argued by the parties, if the Exemption applied to Plaintiff, that would end the litigation. *See* 29 U.S.C. § 213(b)(10)(A); 29 C.F.R. § 779.372(c). If Plaintiff fell within the Exemption, he would be excluded from recovering unpaid overtime wages under either the FLSA or the NYLL. *See* 29 U.S.C. § 213(b)(10)(A); 12 N.Y.C.R.R. § 142-2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the

employee's regular rate in the manner and methods provided in and *subject to the exemptions of sections 7 and 13 of [the FLSA]. . . .*" (emphasis added)). As a result, if Plaintiff fell within the Exemption, the remaining claims in this action would be terminated. *See Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) ("A question is controlling if it would either terminate the action or at least materially affect the litigation's outcome." (quotations and citations omitted)).

Whether the Exemption applies to Plaintiff involves an issue of statutory interpretation. (Dkt. 25 at 6-14 (discussing *McBeth* and interpreting the language of the Exemption accordingly)). *See Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 552 (S.D.N.Y. 2013) ("[T]his issue presents a controlling question of law. Because the issue turns almost exclusively on a question of statutory interpretation, the reviewing court could decide [it] quickly and cleanly without having to study the record." (quotation and citation omitted)); *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 395 (E.D.N.Y. 2011) (denying motion for reconsideration and leave for interlocutory appeal while acknowledging that its application of the Exemption entailed "a close issue of statutory construction").

Defendants are correct to point out the error in Plaintiff's argument that a "controlling question of law" must "'contribute to the determination, at an early stage, of a wide spectrum of cases.'" (Dkt. 30 at 6 (quoting *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515, 525 (S.D.N.Y. 1973)); Dkt. 32 at 5). The Second Circuit has specifically disagreed with *Kohn* and various other district court cases that applied this principle. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in*

*Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[The] plaintiffs argue that a question of law must be 'controlling' in a wider sense, that is, the resolution of the question must also have precedential value for a number of pending cases. We disagree."). Therefore, the Court agrees with Defendants that they have raised a controlling question of law.

### C. Defendants Failed to Raise a Substantial Ground for a Difference of Opinion

While Defendants have raised a "controlling question of law," they have failed to demonstrate a "substantial ground for a difference of opinion."

> Section 1292(b)'s requirement that there be a substantial ground for a difference of opinion may be met where there is substantial doubt that the district court's order was incorrect; where there is conflicting authority on the issue; or where the issue is particularly difficult and of first impression for the Second Circuit.

*Katsanis*, 2010 WL 2160353, at *1 (quotations and citations omitted).

Defendants contend that the United States Department of Labor's ("Department") litigation position and United States Supreme Court Justice Clarence Thomas' dissent in *Encino Motorcars LLC v. Navarro*, 136 S. Ct. 2117 (2016) demonstrate a substantial ground for a difference of opinion over the application of the Exemption. (Dkt. 27-2 at 6-7). In *Encino Motorcars*, the defendant moved to dismiss the plaintiffs' claims, arguing that the FLSA overtime provisions did not apply "because *service advisors* [were] covered by the statutory exemption in § 213(b)(10)(A)"—the same exemption provision at issue here. *Encino Motorcars, LLC*, 136 S. Ct. at 2124 (emphasis added). Although the district court agreed with the defendant, the Ninth Circuit reversed after giving

deference to the Department's 2011 regulation, pursuant to *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and applying that regulation to exclude service advisors from the scope of the statutory exemption. *Encino Motorcars, LLC*, 136 S. Ct. at 2124. The Supreme Court, determining that *Chevron* deference was not appropriate in that case, vacated the Ninth Circuit's judgment and remanded to the Ninth Circuit to determine whether service advisers were covered by the exemption in the first instance. *Id.* at 2127. Justice Thomas, joined by Justice Alito in dissent, disagreed with the majority's decision to remand, stating that the Court should have reached the merits of the appeal itself, and that he would find service advisors to be covered by the exemption. *Id.* at 2129-30 (Thomas, J., dissenting).

Of course Justice Thomas' dissenting opinion is not binding authority. Moreover, Justice Thomas' dissenting opinion was concerned with the application of the statutory exemption to service advisors, not partsmen. *See id.* at 2129 ("We must instead examine the statutory text. That text reveals *that service advisors are salesmen* primarily engaged in the selling of services for automobiles." (emphasis added)). Furthermore, the Department's litigation position supported the conclusion that service advisors were not covered by the statutory exemption and actually performed different jobs from a partsman. *See* Brief for the United States as Amicus Curiae Supporting Respondents, *Encino Motorcars LLC v. Navarro*, 136 S. Ct. 2117 (2016) (No. 15-415), 2016 WL 1445326, at *23 ("A mechanic . . . might be able to obtain the parts to complete a repair without the real-time assistance of a partsman by his side. But that merely reinforces the conclusion that *a partsman is involved in repairing or providing maintenance because he*

*performs key tasks in repairing the vehicle.* Dividing those tasks between two individuals reflects that both the mechanic and the partsman are logically understood as involved in repairing ("servicing") the vehicle. *A service advisor, by contrast, plays no similar role.*" (emphases added)). Any fleeting reference to a "partsman" in either Justice Thomas' dissent, or the Department's arguments, was ancillary to the issues presented in *Encino Motorcars*.[2]

The Ninth Circuit directly addressed the argument raised by the defendant on remand from the Supreme Court's decision in *Encino Motorcars*. The defendant posited that a broad interpretation of the exemption encompassing service advisers was necessary so as to avoid construing the term "partsman" "out of the statute" because "partsmen do not actually perform the repairs and maintenance." *Navarro*, 845 F.3d at 932; *McBeth*, 768 F. Supp. 2d at 388 (rejecting this argument). (*See* Dkt. 25 at 7-8 (same)). The Ninth Circuit disagreed with the defendant's position and analogized several possible partsman responsibilities to the duties of a mechanic by reference to "the Occupational Outlook Handbook." *See Navarro*, 845 F.3d at 932 ("Partsmen may repair parts, using equipment such as brake riveting machines, brake drum lathes, valve refacers, and engine head

---

[2]   Defendants also cite three out-of-circuit district court decisions in support of their position that other courts have suggested differing conclusions from those espoused in *McBeth* and this Court. (Dkt. 27-2 at 8-9). However, it is unnecessary to delve into the nuances of those out-of-circuit opinions as it is well-established that "[d]isagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion." *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) (quotation and citations omitted); *Marlin v. U.S. Tr.*, 333 B.R. 14, 21 (W.D.N.Y. 2005).

grinders . . . [and] may use micrometers, calipers, fan-belt measurers, and other devices to measure parts for interchangeability. They may also use coil-condenser testers, spark plug testers, and other types of testing equipment to determine whether parts are defective." (quotations and citations omitted)). The Ninth Circuit determined that these "hands-on tasks [were] qualitatively indistinguishable from—if not identical to—the work of a mechanic." *Id.* The Ninth Circuit's discussion lends support to the rationale underlying *McBeth* and this Court's conclusion that a partsman must have "actually work[ed] on vehicles" in order to fall within the purview of the Exemption.

This Court recognizes that the Ninth Circuit's holding in *Navarro* is in conflict with the positions taken by the Fourth and Fifth Circuits. *Navarro*, 845 F.3d at 932 ("[W]e hold that the exemption in § 213(b)(10)(A) does not encompass service advisors. We acknowledge that our holding conflicts with published decisions by the Fourth and Fifth Circuits and by the Supreme Court of Montana."); *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446 (4th Cir. 2004); *Brennan v. Deel Motors, Inc.*, 475 F.2d 1095 (5th Cir. 1973). These three cases have opined upon whether *any and all* "service advisors" may fall within the scope of the overtime exemption, a category of employee left unspecified in the statutory framework. *Navarro*, 845 F.3d at 932; *Walton*, 370 F.3d at 450; *Brennan*, 475 F.2d at 1098. By contrast, *McBeth* and this Court determined what *type* of partsman may be exempt from overtime compensation. On this latter question, Defendants point to no Circuit Court of Appeals decision, or any decision issued by a court in this Circuit, that raises a substantial ground for a difference of opinion. *Cf. Idylwoods Assocs. v. Mader Capital, Inc.*, 956 F. Supp. 421, 426 (W.D.N.Y. 1997).

Therefore, Defendants have failed to satisfy the second prong of this analysis by raising a substantial ground for a difference of opinion.

### D. An Appeal Would Not Materially Advance the Ultimate Termination of the Litigation

Defendants have also failed to demonstrate that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Indeed, if the Second Circuit disagreed with Defendants, the result would be a substantial delay in the resolution of the pending issues in this case. On the other hand, if the Second Circuit agreed with Defendants and reversed this Court's holding, then it is just as likely that Plaintiff would seek to appeal the denial of his NYLL claim for spread of hours compensation. "The benefit to the district court in avoiding an unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006) (quoting *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 492 (S.D.N.Y. 2001). This Court finds that the goals of judicial economy would not be served by granting Defendants' motion.

Therefore, the Court concludes that Defendants have failed to demonstrate "exceptional circumstances" warranting leave to file an interlocutory appeal, and, in light of the interests of judicial efficiency and the strong federal policy against permitting an appeal prior to the issuance of a final judgment, Defendants' motion for leave to appeal an interlocutory order (Dkt. 27) is denied.

## II.     Plaintiff's Motion for Summary Judgment

At the time Defendants filed their motion for summary judgment, Plaintiff filed a memorandum in opposition to Defendants' motion. (Dkt. 18). This response did not merely argue against granting summary judgment in Defendants' favor, but it also requested that the Court grant summary judgment in Plaintiff's favor. (Dkt. 18 at 12-13, 23). As such, the Court construed Plaintiff's opposition as a cross-motion for summary judgment.[3] Plaintiff contended, *inter alia*, that he did not fall within the purview of the Exemption, and that summary judgment should be granted in his favor as a result. (Dkt. 18 at 9-13). The Court denied Plaintiff's cross-motion for summary judgment despite finding that Plaintiff was not excluded from overtime compensation under the Exemption. (*See* Dkt. 25 at 6-14).

Plaintiff's current motion for summary judgment seeks a judgment against Ide as to Plaintiff's FLSA and NYLL overtime claims, (Dkt. 29), and Plaintiff relies extensively upon this Court's prior decision in bringing this motion. (Dkt. 29-1 at 6-9). However, Plaintiff has not provided any new facts or new law that would warrant this Court's exercise of discretion in reviewing a second motion for summary judgment based upon the same grounds as the first. Successive motions for summary judgment are not the proper vehicle for asking the Court to reconsider a prior holding. *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) ("The Court do[es] not approve in general the piecemeal consideration of successive motions for summary

---

[3] The Court notes that the record does not indicate that Plaintiff made any objection to this recharacterization.

judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised."). Absent new facts or new law that could not have been raised in the first motion, a successive motion for summary judgment is generally deemed improper. *Hicks v. T.L. Cannon Corp.*, 66 F. Supp. 3d 312, 313-14 (W.D.N.Y. 2014); *see Siemens Westinghouse Power Corp.*, 219 F.R.D. at 554 ("[T]he Court . . . has discretion to review a successive summary judgment motion seeking precisely the same relief as before," but may decline to do so where the moving party "has not raised any new facts or arguments which it could not have raised in the first round of briefing."); *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004) ("[I]t is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion."); *Jackson v. Goord*, No. 06-CV-6172 CJS, 2013 WL 1560204, at *5 (W.D.N.Y. Apr. 10, 2013) ("[N]o federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment; rather, a successive Rule 56 motion may be filed only with the district court's authorization.") (quotation and citations omitted); *Ramos v. SimplexGrinnell LP*, No. 07-CV-981 SMG, 2011 WL 4710814, at *2 (E.D.N.Y. Oct. 4, 2011) (declining to permit second summary judgment motion because it was not supported by additional facts that were not available at the time of the first motion).

Plaintiff's argument that he does not fall under the Exemption, and therefore, is entitled to summary judgment on his overtime claims against Ide, is virtually identical to the arguments made in his cross-motion for summary judgment. Notably, Plaintiff failed

to even respond to Defendants' argument that Plaintiff's current motion represents an improper successive motion for summary judgment. (Dkt. 33 at 12; Dkt. 34). The pending motion essentially attempts to reargue Plaintiff's position from his prior cross-motion for summary judgment, albeit with this Court's prior decision now weighing in his favor.

The Court denied Plaintiff's first request for summary judgment despite finding that the record facts did not demonstrate that Plaintiff fell within the scope of the Exemption. (Dkt. 25 at 23). This Court declines to exercise its discretion to entertain a second motion for summary judgment seeking the same relief previously sought by Plaintiff, particularly where Plaintiff raises no new evidence or legal arguments that could not have been submitted in connection with the initial cross-motion for summary judgment.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Leave to Appeal an Interlocutory Order (Dkt. 27) is denied, and Plaintiff's Motion for Summary Judgment against Ide (Dkt. 29) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:    August 1, 2017
          Rochester, New York

- 13 -